IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **CHRISTOPHER ROLAND FENNER,** §<br>  **#2207245,** §<br>         **PETITIONER,** §<br>  §<br> **V.** §<br>  §<br> **DIRECTOR, TDCJ-CID,** §<br>         **RESPONDENT.** § | **CIVIL CASE NO. 3:22-CV-1398-S-BK** |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and Special Order 3, this case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. As detailed here, the petition for writ of habeas corpus under 28 U.S.C. § 2254 should be **DISMISSED WITHOUT PREJUDICE** as unexhausted.[1]

**I.    BACKGROUND**

On June 13, 2018, Petitioner Christopher Roland Fenner pled guilty to failure to comply with sex offender registration requirements (enhanced) and was sentenced to 20 years' imprisonment. *See State v. Fenner*, No. DCF201800178 (18th Jud. Dist. Court, Johnson Cnty., June 13, 2018); Doc. 2 at 2-3.[2] In his federal habeas petition, Fenner challenges the jurisdiction

---

[1] *See* Rule 4(b) of the RULES GOVERNING SECTION 2254 PROCEEDINGS ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

[2] The trial court's docket sheet is available online on the Johnson County website at https://pa.johnsoncountytx.org/PublicAccess/CaseDetail.aspx?CaseID=999208 (last accessed on Aug. 10, 2022).

of the state court and claims double jeopardy and abuse of discretion. Doc. 2 at 6-7. He also contends that his enhanced sentence is "illegal" because his underlying sex convictions were "null and void from the inception." Doc. 2 at 7. Fenner requests dismissal of all criminal charges and immediate release from confinement. Doc. 2 at 7. However, he filed neither a direct appeal nor a state habeas application challenging his conviction in the Johnson County case. Thus, the Court concludes that his petition is unexhausted and should be dismissed without prejudice.[3]

## II. ANALYSIS

A state prisoner must exhaust all available state-court remedies before a federal court will consider the merits of his habeas claims. *See* 28 U.S.C. § 2254(b) and (c); *Rhines v. Weber*, 544 U.S. 269, 274 (2005). The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982). Exhaustion of state-court remedies "is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (quoting *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999)). A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).

---

[3] Petitioner has requested that the $5 filing fee be forwarded to the Court but is unsure when the check will issue. Doc. 6. Nevertheless, it is more efficient to dismiss this case than to require compliance with this Court's filing fee requirements.

Fenner has not satisfied the exhaustion requirement. A review of his § 2254 petition and a search of the applicable state court online records confirm that he did not file an appeal or a state habeas application challenging the conviction at issue. Since the Texas Court of Criminal Appeals has not had an opportunity to consider Fenner's claims, they remain unexhausted.[4]

### III. CONCLUSION

For the foregoing reasons, Fenner's petition for writ of habeas corpus should be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.[5]

**SO RECOMMENDED** on August 11, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[4] The Tenth Court of Appeals and the Court of Criminal Appeals docket sheets are available respectively at the following links: https://search.txcourts.gov/CaseSearch.aspx?coa=coa10&s=c and http://search.txcourts.gov/CaseSearch.aspx?coa=coscca&s=c (last accessed Aug. 10, 2022).

[5] The 1996 amendments to the habeas corpus statute impose a one year statute of limitations for filing habeas corpus petitions in federal court, *see* 28 U.S.C. § 2254(d), which is applicable to this petition and any future petition filed.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).